UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STEPHEN W. WOODWARD                                    CIVIL ACTION

VS.                                                    NO. 3:16-cv-108

SUN LIFE ASSURANCE COMPANY OF CANADA

**COMPLAINT**

The Complaint of Stephen W. Woodward respectfully alleges:

1. This is a claim for ERISA short and long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Stephen Woodward**, of lawful age and a resident of Baton Rouge, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, EDDSA d/b/a Radiate Technologies and an insured participant of a group disability policy issued by Sun Life Assurance Company of Canada.

4. Defendant, Sun Life Assurance Company of Canada **("Sun Life"),** is a foreign insurance company domiciled in Wellesley Hills, Massachusetts, incorporated in Wellesley Hills, Massachusetts and authorized and doing business in Louisiana.

5. Sun Life issued a group policy, No. 224881-001, insuring the employees of Radiate Technologies with short and long term disability benefits. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff was forced to take disability leave due to debilitating symptoms from a seizure disorder. His last day of work was August 31, 2014. He was working as a business development manager for EDDSA, a telecommunications company. His job required him to manage and create new telecommunications business for his company as well vendor management. He was required to drive on a regular basis in order to meet with and sign up new business, among other job requirements.

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

9. By letter of November 14, 2014, Sun Life terminated his short term disability benefits effective October 13, 2014.

10. Plaintiff appealed the denial of his benefits by letter of April 21, 2014, submitting a letter from his primary care physician, Dr. David Carter, who attested to Mr. Woodward's debilitating seizures. He explained that Mr. Woodward has tried many different seizure medications over the years but that his seizures persist. Also submitted with the appeal were updated medical records demonstrating continuing seizure activity and a letter from Dr. Zuckerman. Dr. Zuckerman explains that Plaintiff is unable to continue working due to fatigue and cognitive impairment related to his seizure disorder.

11. By letter of April 21, 2014 Plaintiff requested Sun Life to approve his claim for long term disability benefits. This was reiterated by his attorney's letter of May 29, 2015.

12. To date Sun Life has completely ignored his claim for long term disability benefits.

13. ERISA provides 45 days for Sun Life to make a decision after receiving proof of Plaintiff's claim. 29 C.F.R. § 2560.503-1. As a result of Sunlife's failure to render a decision on Plaintiff's claim for long term disability benefits within 45 days of receiving this claim,

2

Plaintiff's long term disability claim is deemed denied and his administrative remedies have been exhausted.

14. Despite overwhelming evidence of Plaintiff's entitlement to short and long term disability benefits, including updated medical records demonstrating continuing seizure activity and restrictions from his doctors that prevent him from performing his job duties, Sunlife denied his appeal by letter of June 15, 2015.  In this letter, Sunlife revealed for the first time that it was relying on its in-house RN's opinion that the file lacked diagnostic evidence confirming seizure activity. This statement is inaccurate, however, as his seizure activity was noted on an EEG as well as multiple references in his doctors' clinical notes. Not to mention the fact that Plaintiff was taking expensive anti-seizure medication that no one would be doing unless they suffered from chronic epilepsy.

15. Defendant also disclosed in its final denial letter, for the first time, the opinion of a reviewing doctor who determined that Plaintiff should be able to return to his job.  This doctor also noted that the record lacked essential evidence which would allow him to give an informed opinion, yet the doctor gave an opinion anyway.  Notably, Defendant's reviewing doctor provided restrictions that would prevent Plaintiff from driving and driving was a large part of Plaintiff's previous occupation.

16. Given the new reasons and rationales that were revealed for the first time in Sun Life's final denial letter, Plaintiff, through undersigned counsel, wrote Sunlife on September 16, 2015 pointing out the evidence that Sunlife's medical professionals had incorrectly stated was lacking.  Plaintiff also submitted medical records that Sunlife's reviewing doctor mentioned would be helpful to render a decision. Plaintiff requested reconsideration of the denial of short term disability benefits and instatement of Plaintiff's long term disability

benefits. Plaintiff also requested recalculation of the amount of his disability benefits submitting earnings information demonstrating that Sunlife had used incorrect earnings in calculating his short term disability benefits.

17. To date Sunlife has totally ignored Plaintiff's request for reconsideration of the denial of his short term disability claim; Plaintiff's application for long term disability benefits; and Plaintiff's appeal of the incorrect amount of short term disability benefits.

18. Sunlife's conduct in this regards is a clear abuse of discretion.

19. Sunlife's failure to render a decision on Plaintiff's long term disability claim results in his claim being deemed denied, his administrative remedies exhausted, and the long term disability claim is therefore ripe for judicial review in addition to the denial of Plaintiff's short term disability claim.

20. Plaintiff is disabled under the terms of the disability policy issued by Sun Life.

21. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits. The Social Security Administration determined, based on Plaintiff's medical records, that his medical condition precludes employment from any occupation that he would qualify for based on his age, training, education, and experience, much less his previous job.

22. Sunlife was provided with a copy of the Social Security Disability award letter, which it has ignored.

23. Sun Life's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

24. Plaintiff has exhausted his administrative remedies and now timely files this suit to reverse Sun Life's denial of benefits.

25. Sun Life has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

26. Sun Life has abused its discretion by failing to consider Plaintiff's medical condition in relation to the actual duties of his occupation.

27. Sun Life administered Plaintiff's claim with an inherent and structural conflict of interest as Sun Life is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Sun Life's assets.

28. Sun Life has failed to give the policy and Plan a uniform construction and interpretation.

29. Sun Life chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

30. As a routine business practice, Sun Life uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

31. Sun Life's administration of this claim corrupts any reasonable meaning of "full and fair review" that ERISA requires.

32. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

33. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

34. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all short **and** long term disability benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

>Respectfully submitted,
>
>/s/ Reagan Toledano
>Willeford & Toledano
>James F. Willeford (La. 13485)
>Reagan L. Toledano (La. 29687)
>201 St. Charles Avenue, Suite 4208
>New Orleans, Louisiana 70170
>(504) 582-1286; (f) (313)692-5927
>rtoledano@willlefordlaw.com